## NEW YORK SUPERIOR COURT.

### SHANKS agt. RAE and GENT.

Where, on motion of the defendant, a cause is put over the term (or circuit) on payment of costs of the term, to be adjusted by the clerk, a fee of $10 for costs, subsequent to notice of trial and before trial, is properly allowed the plaintiff.

Where the defendant moves for a re-adjustment of such costs, and for leave to amend his answer, and the adjustment of costs is sustained, if he is allowed to amend his answer, he must pay all the costs of the term, with $10, costs of opposing his motion to amend.

MOTION to amend answer and re-adjust costs.

The action was commenced in 1858, to recover the possession of personal property; the defendants appeared and answered the complaint by Robert Livingston, their attorney; the cause was placed upon the calendar, and reached at the June trial term, 1860, and on the application of the defendants the court made an order that the trial of the action go off for the term, on payment of the costs of the term, to be adjusted by the clerk, and to be paid by defendants on two day's notice. Under this order the clerk, in adjusting the costs, allowed the plaintiff for June term fee $10, for proceedings subsequent to notice of trial, and before trial $10. The defendant, Rae, moved to review this adjustment, upon the ground that the item of $10 for proceedings subsequent to notice and before trial was not taxable, and also for liberty to amend his answer. The facts

relating to the amendment are stated in the opinion of the court.

Nelson Smith, *for motion.*
John M. Martin, *opposed.*

By the court, Bosworth, Justice. The defendant, *Rae,* moves to amend his answer, so as·to allege that the property which this suit is brought to recover, and which, as the complaint alleges, the defendants wrongfully detain, was taken by *Gent,* as constable, on an execution issued on a judgment recovered by Rae on the 4th day of June, 1854, against John Shanks, the plaintiff's father, for $141.25, and that the transfer of it, under which the plaintiff makes title, is fraudulent and void.

The original answer of *Rae* avers "that he has been prevented and deterred from the collection of a judgment founded on a just claim against the said John Shanks," by reason of the matters stated in that answer. This averment indicates that the attorney supposed it was essential to a good answer, to set forth the judgment and possibly the execution; but it is silent as to any execution, and gives no description of the judgment. The defendant should be permitted to amend on paying $10, of opposing this motion, and on stipulating that if the plaintiff shall, within ten days after service of a copy of the order to be entered herein, serve a notice of discontinuing the action, that the defendant waives all costs that have accrued between the time of serving the original answer and the time of serving such notice.

If the plaintiff's claim is just, and she chooses to proceed, she will recover the whole costs of the action. If it is unjust, and has been continued, relying on the imperfections of the answer as the grounds of expecting to recover, she should not be paid the costs of proceedings taken, relying solely on·such grounds of recovery.

Why permission is not also asked for the defendant, *Gent*, to file an amended answer, it is not easy to conjecture, as his answer merely denies "each and every allegation contained in the complaint," and does not attempt to justify under the judgment and execution. The fact that the proposed amended answer of *Rae* contains a positive denial of the allegations of the complaint, while the original answer only denies them on information and belief, I do not regard as an objection to allowing it, as it is better that the whole answer should be in one pleading rather than in *two*.

The portions included in brackets should be stricken out as irrelevant.

As to the costs of the June term, the cause went over the term on defendant's motion, and he was ordered to pay the costs of that term to be adjusted. The adjustment was regular, and I think the clerk was right in including $10 for costs subsequent to notice of trial and before trial. (1 *Bosworth*, 644.) The further condition of granting leave to put in an amended answer must be imposed; that the defendants pay $13, the residue of the adjusted costs.